UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATASHA C.-B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-6157-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in October 1985, has at least a high school education, and has worked in sales. AR 25-26, 344, 356, 1964. Plaintiff was last gainfully employed in 2018. AR 322.

On February 3 and 23, 2023, Plaintiff applied for benefits, alleging disability as of March 1, 2019. AR 279, 288. Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing. AR 145. After the ALJ conducted a hearing on January 23, 2025, the ALJ issued a decision finding Plaintiff not disabled. AR 145, 157.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Plaintiff overcame the *Chavez* presumption of continuing nondisability, based on her previous September 29, 2021, denial, by showing changed circumstances, including but not necessarily limited to additional postural limitations than previously found.
>
> **Step one**: Plaintiff has not engaged in substantial gainful activity since January 5, 2023, the amended alleged onset date.
>
> **Step two**: Plaintiff has the following severe impairments: postural orthostatic tachycardia, Ehlers-Danlos syndrome, idiopathic hypotension, Raynaud's syndrome, post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, irritable bowel syndrome, degenerative disc disease of the lumbar and thoracic spine.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity (RFC)**: Plaintiff can perform sedentary work except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, and scaffolds. She can have no concentrated exposure to temperature extremes, vibration, and pulmonary irritants, and she can have no exposure to work hazards such as dangerous moving machinery or unprotected heights. She is limited to simple work of a routine and repetitive nature, with only occasional contact with the general public.
>
> **Step four**: Plaintiff has no past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 145-157.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 7. Plaintiff submitted a notice of supplemental authority on September 23,

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

2026, and the Court requested supplemental briefing from the parties on the issues raised by those cases, which both parties provided. Dkts. 20-24. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, Plaintiff testimony, the lay testimony, and that the Court should consider evidence presented to the Appeals Council. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in Evaluating the Medical Evidence

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1. Stephen P. Doucet, M.D.*

In October 2024, Dr. Doucet provided a letter explaining that he had diagnosed Plaintiff with hypermobile Ehlers-Danlos syndrome, which presents differently in every patient. AR 4232. In Plaintiff, the condition resulted in weight loss, weakness, an inability to maintain blood pressure, inability to maintain heartrate, and chronic pain. *Id.* Dr. Doucet concluded his letter: "Overall, I do not think that [Plaintiff] would be able to hold down meaningful employment at this time. I would recommend that she be placed on disability." *Id.* The ALJ did not address this opinion, as it opined on issues reserved to the Commissioner and did not contain a functional assessment. AR 155.

The Commissioner correctly argues that that the ALJ did not need to address this letter as it was not a medical opinion within the regulation definitions. Dkt. 17 at 10; *see also* 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3) ("Other medical evidence is evidence from a medical source . . . including judgments about the nature and severity of your impairments, your medical history,

clinical findings, diagnosis, treatment prescribed with response, or prognosis."). The Commissioner further explained that, because Dr. Doucet finished the letter with an opinion reserved to the Commissioner and did not otherwise offer a function-by-function analysis of Plaintiff's limitations, there was no need to address the letter under the applicable regulations and the opinion submitted after the hearing does not change the substantial evidence supporting the ALJ's decision. *Id.*

Plaintiff submitted a new opinion from Dr. Doucet to the Appeals Council. AR 2. Dr. Doucet completed this opinion in April 2025, three months after Plaintiff's hearing, and one month after the ALJ issued an unfavorable opinion. AR 16, 145, 157. The Appeals Council made Plaintiff's request for review part of the record, AR 4, but did not exhibit Dr. Doucet's new opinion, as there was not a reasonable probability that the evidence would change the outcome of this decision, AR 2.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1163 (9th Cir. 2012). This Court has held that this requirement includes evidence that the Appeals Council did not exhibit. *Yolanda G. v. Comm'r of Soc. Sec.*, No. 3:25-CV-05663-TLF, 2026 WL 2098028, at *4 (W.D. Wash. July 21, 2026) (citing *Williams v. Berryhill*, No. 17-5885-BAT, 2018 WL 6737511, at *3 (W.D. Wash. Apr. 19, 2018)). In other words, the Court must "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record — including any new evidence in the administrative record that the Appeals Council considered — not just the evidence before the ALJ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

Plaintiff has not shown that the new evidence submitted to the Appeals Council would have changed the ALJ's final nondisability determination. *See White v. Kijakazi*, 44 F.4th 828, 836 (9th Cir. 2022) ("[T]he Appeals Council will review a case based on additional evidence submitted to the Council for the first time if . . . 'there is a reasonable probability that the additional evidence would change the outcome of the decision.'"). While the evidence submitted to the Appeals Council was an opinion under the regulations, unlike the letter from Dr. Doucet which the ALJ considered, it remained inconsistent with the numerous medical opinions which the ALJ accepted, and that Plaintiff has not shown the ALJ erred in accepting as explained further below.

Nor does Plaintiff's argument of new authority in *Ortiz v. Bisignano*, 179 F.4th 691 (9th Cir. 2026), change the outcome of this case. Contrary to Plaintiff's argument, the ALJ did not find that "normal findings" contradicted the opinion, *see* Dkt. 24 at 2 (citing *Ortiz*, 179 F.4th at 699), he found that Dr. Doucet did not issue an opinion at all. Accordingly, Plaintiff's reliance on *Ortiz* as supplying additional support to her argument is unavailing. Nor does Plaintiff's conclusory argument that Dr. Doucet was treating her pain-related symptoms[3] provide this Court with any basis to remand for further proceedings. *See* Dkt. 24 at 2 (citing *Fain v. Bisignano*, ___F.4th___, 2026 WL 2795427, at *2-3 (9th Cir. Sept. 18, 2026)). Accordingly, the ALJ did not err in his evaluation of the evidence from Dr. Doucet.

//

[3] Plaintiff states, without citation, that Dr. Doucet was treating her for "several impairments, including fibromyalgia . . ." Dkt. 24 at 2. The record supports that other providers briefly considered fibromyalgia as a potential cause of her symptoms, *see* AR 1947, but there is no evidence that she was diagnosed with, or actively treated for, this impairment and the ALJ did not include it as a severe impairment. *See* AR 148.

*2. Accepted Medical Opinions*

Plaintiff argues that the ALJ erred in accepting the medical opinions of Ken Berger, M.D,[4] Victoria Reid, Ph.D., LCP,[5] and Michael B., Ph.D. Dkt. 16 at 8-10. The ALJ considered these opinions and found the opinions of Dr. Berger and Dr. B. largely persuasive and the opinion of Dr. Reid persuasive. AR 154-55.

While an ALJ must explain why he rejects medical opinion evidence, no such requirement exists where the ALJ accepts medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (explaining that the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence); *cf.* Social Security Ruling 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The ALJ considered Dr. Berger's opinion and found it largely persuasive, but discounted the portions which opined to greater manipulative and environmental limitations. AR 154. Plaintiff does not challenge the ALJ's rejection of Dr. Berger's opined manipulative and environmental limitations. *See* Dkt. 16 at 8-9. But she does challenge the ALJ accepting the portion of Dr. Berger's opinion rejecting her need for a cane. *See id*. Plaintiff does not provide any legal support for the proposition that accepting this medical opinion, which the ALJ found supported and consistent with the record, AR 154, requires remand.

Similarly, the ALJ found the opinion of Dr. Reid persuasive. AR 155. Plaintiff argues the ALJ erred in accepting this opinion while finding the record supported slightly more

---

[4] The ALJ cites the sections of the AR completed by Dr. Berger but refers to him as "Dr. Burger" in an apparent scrivener's error. *See* AR 154, 4338.

[5] The ALJ further cites portions of the record completed by Dr. Reid as being completed by "Dr. Reed" in a second apparent scrivener's error. *See* AR 155, 4351.

limitations than the doctor opined to, as that necessarily indicates that the opinion was inconsistent with the longitudinal medical evidence. Dkt. 16 at 9. Yet, Plaintiff fails to explain how the ALJ finding her more limited than Dr. Reid opined to could result in harmful error. *See Molina*, 674 F.3d at 1115 ("an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." (internal quotation omitted)).

Plaintiff last argues that the ALJ erred in finding the opinion of Dr. B persuasive because his conclusion was not consistent with his functional findings. *See* Dkt. 16 at 9-10. The ALJ considered the opinions of the state agency psychological consultants as one and found them largely persuasive. AR 153-54. The ALJ found that, based on evidence produced at the hearing level, Plaintiff was more socially capable than the consultants opined. *Id.* Again, Plaintiff does not challenge the finding that she is more socially capable, just that the ALJ should not have accepted the opinion. *See* Dkt. 16 at 9-10. Contrary to Plaintiff's argument, it was not inconsistent for Dr. B to opine that Plaintiff had some moderate limitations, but that she could also "maintain adequate attendance and complete a normal workday/workweek within normal tolerances of a competitive workplace." AR 105-07. It was reasonable of the ALJ to determine that the attendance portion of the opinion was an expansion on the moderate concentration and persistence limitations Dr. B otherwise opined to, given the section heading of Dr. B's opinion reading: "Explain in narrative form the sustained concentration and persistence capacities and/or limitations." AR 106; *see also Thomas*, 278 F.3d at 954.

Plaintiff has not shown any errors in the ALJ's acceptance of these opinions.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155

(9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn v. Saul*, 988 F.3d at 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

At her hearing, Plaintiff testified that she has trouble seeing and hearing, especially when she is upright. AR 54. The longer she is upright her vision will begin to turn all white and she begins to vomit and cannot breathe. AR 55. Even combing her hair takes 30 minutes because she needs to take so many breaks and it hurts so much. *Id.* Doctors have not been able to tell her what exactly is causing all of her symptoms. *Id.* It takes her a very long time to complete any of her normal tasks of daily living because of pain. *Id.* How long she can stand varies from day to day depending on how she is feeling, ranging from needing to sit immediately to being able to stand for five to ten minutes. AR 55-56. She can only walk a couple of steps at a time. AR 56. She cannot walk more than a couple of steps, and people get frustrated with her over how long it takes her to get places. *Id.* She uses a cane for balance and ambulation. *Id.*

She spends a typical day in bed, as that is the only time she can see and hear. AR 56-57. She spends her time flipping back and forth in bed because it is still very uncomfortable. AR 57. She cannot focus on anything too long, or her eyes start to burn. *Id.* The only medication she takes is for her blood pressure, but it only helps when she is sedentary. *Id.* She struggles cooking and has a fridge and microwave in her room to avoid being upright for too long. AR 58. She has not driven since 2020, and either gets rides or uses the shuttle to get places. *Id.* She has anxiety about potentially passing out from being upright. AR 61. She becomes frustrated with people and has crying spells because she feels no one understands or listens to her. AR 62.

The ALJ considered Plaintiff's testimony and discounted it as inconsistent with objective medical evidence, including improvement and control with medication, unremarkable to mild exam findings, and her daily activities. AR 151.

Plaintiff's argument is largely a summary of her testimony,[6] ending with the conclusory statement: "The above-summarized testimony is the testimony that the ALJ improperly rejected. [Plaintiff's] testimony shows that she is more limited than she was found to be by the ALJ." Dkt. 16 at 15. Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted"). Because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court herein considers only those arguments first raised "specifically and distinctly" in Plaintiff's opening brief. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

To the extent Plaintiff does provide an argument, she argues the ALJ erred in finding the medical evidence contradicted her testimony, because it is improper for the ALJ to reject

[6] Counsel in the present case has been repeatedly admonished for failure to follow this Court's scheduling order and providing summaries of evidence rather than legal arguments. *See, e.g., Joseph L.S.C. v. Comm'r of Soc. Sec.*, No. C23-5246-SKV, 2024 WL 4471778, at *4 (W.D. Wash. May 22, 2024) (warning the same counsel as in the current case that his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished); *Brian J.C. v. Comm'r of Soc. Sec.*, No. C24-5294-SKV, 2025 WL 1149711, at *6-7 (W.D. Wash. Apr. 18, 2025) (same); *Andrew H. v. Comm'r of Soc. Sec.*, No. C24-5967-SKV, 2025 WL 2930930, at *3 (W.D. Wash. Oct. 15, 2025) (same).

testimony only because the evidence did not support the degree of limitation alleged, and that he failed to acknowledge her symptoms wax and wane. Dkt. 16 at 11 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015)). But an ALJ is not required "to simply accept a claimant's subjective symptom testimony notwithstanding inconsistencies between that testimony and the other objective medical evidence in the record, allowing a claimant's subjective evidence to effectively trump all other evidence in a case." *Smartt*, 53 F.4th at 499.

The ALJ here properly linked the testimony he was discounting to the evidence he found contradicted it. For example, Plaintiff testified she had symptoms such as increased heart rate, pre-syncope sensation, vertigo/dizziness, sweating, headaches, chest pains, palpitations, and shortness of breath every time she was upright, including when sitting. AR 54-55. The ALJ reasonably found that evidence in the medical record indicated these symptoms occurred when Plaintiff stood, but not when only sitting. AR 151 (citing AR 3192 ("If she stands up, her blood pressure vastly fluctuates. Her hearing becomes muffled, like she is getting off of a plane. She then develops a white out of her vision in both eyes for a couple of seconds. She gets dizzy as well."), 3816 ("Her pressor[sic] surges are elicited by mental and physical stress (including standing and some exercise) and the consequent symptoms of dizziness (despite elevated BP), lightheadedness, palpitations, headaches, increased sweating, tremulousness, **<u>anxiety</u>**, and irritability are all common during periods of sympathetic activation." (emphasis in original)), 3818 ("[Plaintiff] experiences symptoms 'every time she stands', with onset of dizzy/lightheaded, tunnel vision, rapid HR, chest pain/pressure and 'burning' pain (ears, neck/shoulder), and clammy skin.")). Plaintiff has not shown the ALJ erred in his consideration of the objective medical evidence.

Nor does the Plaintiff show the ALJ's remaining reasons for discounting Plaintiff's testimony were erroneous. Plaintiff argues the ALJ failed to acknowledge the toll certain activities took on her, but this argument fails to address the conflict between her testimony and activities that the ALJ found. *See* Dkt. 16 at 12. For example, the ALJ found evidence that Plaintiff mowed the lawn conflicted with her testimony that she lacks energy to even brush her hair. AR 152 (citing AR 4272 ("Recently helped family mow the lawn and developed bruising and welts, not itching, but looked like hives.")). Accordingly, Plaintiff has not shown the ALJ erred in this consideration. *See Smartt*, 53 F.4th at 498-500 (ALJ properly considers inconsistency between testimony and objective medical evidence, as well as inconsistency with activities).

**C. The ALJ Did Not Err in Evaluating the Lay Witness Evidence**

An ALJ may discount lay witness statements for germane reasons. *Fain*, 2026 WL 2795427, at *5. Valid reasons to reject a plaintiff's testimony necessarily constitute valid reasons to reject similar lay witness testimony. *Molina*, 674 F.3d at 1117. The ALJ assessed the lay witness evidence for "consistency with the claimant's statements and consistency with the overall record[]" but did not provide further evaluation of this evidence. AR 154.

As the Commissioner correctly argues, the lay witness statements about Plaintiff's symptoms are the same as those made by Plaintiff. *See* Dkt. 17 at 1-6; Dkt. 23 at 1-3. As the ALJ did not err in discounting Plaintiff's testimony, the same reasons apply to the rejection of her daughter's testimony. Plaintiff therefore cannot show the ALJ harmfully erred, and neither *Fain*, 2026 WL 2795427, nor *Collard*, ___F.4th___, 2026 WL 2856741 (9th Cir. Sept. 23, 2026), which Plaintiff cites as supporting her position, Dkt. 24 at 3-4, change the Ninth Circuit's previously stated finding of harmless error where a lay witness and Plaintiff describe similar

limitations, *see Molina*, 674 F.3d at 1117. Accordingly, the ALJ did not err in evaluating the lay witness evidence.

Finally, as Plaintiff's remaining arguments regarding the ALJ's determination of her RFC and ultimate non-disability determination are derivative of her arguments relating to the ALJ's assessment of the evidence, they also fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge